UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARTINEZ,

                    Petitioner,                      Case No.  2:14-cv-13106
                                                            Hon. Paul D. Borman

v.

KENNETH McKEE,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS
CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3)
GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

        This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254.

Petitioner Robert Martinez was convicted after he pled guilty in the Wayne Circuit Court

to one count of first-degree criminal sexual conduct, MICH. COMP. LAWS

§750.520b(2)(b), and one count of second-degree criminal sexual conduct. MICH. COMP.

LAWS §750.520c(2)(b). Petitioner was sentenced under the terms of the plea agreement to

concurrent terms of 25-to-40 and 1-to-15 years imprisonment. The petition raises a single

claim: the promise to be sentenced to concurrent terms rendered Petitioner's plea bargain

illusory because he never faced the possibility of being sentenced to consecutive terms.

The Court finds that Petitioner's claim is without merit. Therefore, the petition will be

denied. The Court will also deny Petitioner a certificate of appealability, but it will grant

him permission to proceed on appeal in forma pauperis.

## I. Background

Petitioner was accused of sexually assaulting a nine-year-old child and an eight-year-old child. The children were unrelated, and the incidents were alleged to have occurred at different times and locations. With respect to the nine-year-old child, the prosecutor charged Petitioner with one count of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct. With respect to the eight-year-old child, the prosecutor initiated a separate case, and he charged Petitioner with three counts of second-degree criminal sexual conduct.

At an arraignment hearing held on August 2, 2012, the prosecutor made a plea offer to resolve both cases. The prosecutor agreed to drop the three counts of second-degree criminal sexual conduct in the first case if Petitioner pled guilty to the one count of first-degree criminal sexual conduct, and he agreed to drop two of the second-degree criminal sexual conduct charges in the second case if Petitioner pled guilty to one count of second-degree criminal sexual conduct. The offer included a sentence agreement of 25-to-40 years in the first case to run concurrently with a sentence of 45 months-to-15 years in the second case. The prosecutor also stated that there were pending investigations regarding Petitioner sexually assaulting additional children, and Petitioner would face no additional time for any charges arising out of those investigations if he accepted the plea agreement. Petitioner rejected the plea offer.

During trial in the first case, the victim testified that Petitioner sexually penetrated her vagina with his penis when she was nine years old. The victim also testified that

2

Petitioner put his hand on her "privates" and inserted his finger into her vagina on more than three other occasions.

At the start of the fourth day of trial, Petitioner indicated that he wanted to change his plea and accept the plea bargain. The prosecutor then placed a modified offer on the record. Under the new offer, Petitioner would plead guilty to one count of first-degree criminal sexual conduct in the first case and one count of second-degree criminal sexual conduct in the second case. In exchange, the prosecutor would dismiss the remaining counts in both cases and would not pursue additional charges regarding a third complainant. The plea bargain included an agreement for Petitioner to serve concurrent sentences of 25-to-40 and 1-to-15 years for the two convictions. Both the prosecutor and the trial court made representations that if Petitioner was convicted as charged after trial, he faced the possibility of receiving consecutive sentences.

The Petitioner was placed under oath, and he indicated his desire to enter into the plea agreement. The trial court advised Petitioner of the trial rights he would be waiving by entering his plea, and he indicated his understanding and willingness to do so. Petitioner was informed of the maximum penalty for each offense. Petitioner stated that he understood the terms of the agreement and that no other promises or threats were made to him to induce his plea other than those placed on the record. Petitioner then testified to sexually penetrating the victim in the first case and to committing a sexual touching in the second case. The trial court accepted the plea.

On November 2, 2012, the trial court sentenced Petitioner in accordance with the terms of the sentencing agreement.

Following his conviction and sentence, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Appellant is entitled to plea withdrawal where the promise for concurrent sentencing created an illusory plea agreement violating his constitutional due process rights.

The Michigan Court of Appeals affirmed, stating that the delayed application for leave to appeal was denied "for lack of merit in the grounds presented." *People v. Martinez*, No. 318414 (Mich. Ct. App. Dec. 11, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim as well as an additional five claims not included in the present action. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Martinez*, 846 N.W.2d 556 (Mich. 2014) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law,
as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

A state court adjudication is "contrary to" Supreme Court precedent under §
2254(d)(1) "if the state court applies a rule that contradicts the governing law set forth in
[Supreme Court] cases" or "if the state court confronts a set of facts that are materially
indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a
[different result]." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (internal quotation marks
omitted).

Under the "unreasonable application" clause of § 2254(d)(1),

even clear error will not suffice. Rather, as a condition for obtaining habeas
corpus from a federal court, a state prisoner must show that the state court's
ruling on the claim being presented in federal court was so lacking in
justification that there was an error well understood and comprehended in
existing law beyond any possibility for fairminded disagreement.

*White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014)
(citations, quotation marks, and alterations omitted).

"When reviewing state criminal convictions on collateral review, federal judges
are required to afford state courts due respect by overturning their decisions only when
there could be no reasonable dispute that they were wrong." *Woods v. Donald*, ___ U.S.
___, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015). "Federal habeas review thus exists
as 'a guard against extreme malfunctions in the state criminal justice systems, not a

5

substitute for ordinary error correction through appeal.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[W]hether the trial judge was right or wrong is not the pertinent question under AEDPA." *Renico v. Lett*, 559 U.S. 766, 778 n.3 (2010). The question is whether the state court's application of federal law was "objectively unreasonable." *White*, 134 S. Ct. at 1702. In short, the standard for obtaining federal habeas relief is "difficult to meet . . . because it was meant to be." *Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013)(internal quotation marks omitted).

### III. Analysis

Petitioner's sole habeas claim asserts that his plea was involuntary because he never faced the possibility of receiving consecutive sentences, rendering the promise to be sentenced to concurrent terms an illusory benefit. Petitioner notes that when the prosecutor made its initial plea offer at the arraignment, he stated that Petitioner faced the prospect of consecutive sentences if he was convicted of multiple counts of criminal sexual conduct. The possibility of receiving consecutive sentences was mentioned again at the plea hearing by both the prosecutor and trial court.

Under clearly established Supreme Court law, the test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742,

6

749 (1970).

The plea must be entered "voluntarily," and it must not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must understand the consequences of his plea, including the magnitude of the sentence he is facing and the nature of the constitutional protections he is waiving. *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000).

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); see also *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia*, 991 F.2d at 326). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the

7

state court findings of fact and to the judgment itself. *Id*. A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id*. at 328.

Petitioner's claim fails because it is based on the false premise that he never faced the possibility of receiving consecutive sentences. Under Michigan law, "concurrent sentencing is the norm," and a "consecutive sentence may be imposed only if specifically authorized by statute." *People v. Brown*, 220 Mich. App. 680, 682 (1996). Michigan law provides that a sentence for a first-degree criminal sexual conduct conviction may be imposed to be "served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MICH. COMP. LAWS § 750.520b(3). Michigan Courts have interpreted this section as allowing consecutive sentences when multiple acts of criminal sexual misconduct "sprang one from the other and had a connective relationship that was more than incidental." *People v. Ryan*, 295 Mich. App. 388, 403 (2012).

Here, the victim's trial testimony provided a basis for consecutive sentencing under this statutory section. During trial, the victim testified that Petitioner touched her vagina under her underwear every time he came over. Trial Tr. 10/16/12, pp. 40-42, 46, 69. During one of these visits Petitioner went on to put his penis inside of her vagina. Id. at 48-54, 65-66, 69. This testimony provided a sufficient factual basis to warrant consecutive sentencing because there was a connective relationship between Petitioner's acts of first and second-degree criminal sexual conduct with the victim occurring during

8

the same criminal transaction that was more than incidental. Petitioner both touched the victim's genitalia with his hand and then penetrated her vagina with his penis during the same criminal transaction. The representation that Petitioner faced the possibility of consecutive sentences if convicted as charged was therefore not false, and it did not render the promised benefit of receiving concurrent sentences illusory.

Accordingly, the Court finds that the state court adjudication of Petitioner's claim was not contrary to, and did not involve in unreasonable application of, clearly established Supreme Court law. Petitioner has therefore failed to demonstrate entitlement to habeas relief under § 2254(d), and the petition will be denied.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §

9

2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability given that his claim is based on the false premise that he never faced the possibility of receiving consecutive sentences. Therefore, the Court denies a certificate of appealability.

The Court will, however, grant permission to appeal in forma pauperis because any appeal of this decision could be taken in good faith. 28 U.S.C. § 1915(a)(3).

### V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

s/Paul D. Borman _____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 13, 2015

10

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2015.

s/Deborah Tofil
Case Manager